## Yellow Poplar Lumber Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 9894.   Promulgated June 30, 1928.

*W. E. Barton, Esq.*, and *A. R. Johnson, Esq.*, for the petitioner.
*Thomas M. Wilkins, Esq.*, for the respondent.

OPINION.

Marquette: The record in this proceeding presents for consideration only one issue, namely, what was the fair market value on March 1, 1913, of the 1,160 acres of land which the petitioner sold in 1920? In its amended petition the petitioner alleges that the fair market value of the land in question was $18.75 per acre on March 1, 1913, and that it sustained a loss of $3,610 on the sale. At the hearing, however, the petitioner contended that the fair market value of the land on March 1, 1913, was $15 per acre. The respondent has heretofore determined that the fair market value of the land on March 1, 1913, was $12.50 per acre, but in his amended answer he alleges that the land was entirely denuded of timber subsequent to that date and that the fair market value on March 1, 1913, of what was sold in 1920 was in fact only $2.50 per acre.

We have carefully considered the testimony and other evidence presented to us and we are of the opinion that it fails to establish the contentions of either the petitioner or the respondent. We are not satisfied that the land in question had a value on March 1, 1913, of more than $12.50 per acre, as claimed by the petitioner, or that it had a value of less than $12.50 per acre, as urged by the respondent. On the state of the record we do not feel justified in disturbing the respondent's determination as set forth in the deficiency letter that the fair market value of the land on March 1, 1913, was $12.50 per acre.

*Judgment will be entered for the respondent.*